It CALOGERO,
Chief Justice, dissents and would deny the writ application.
I dissent from the per curiam disposition granting the defendants’ writ application, dismissing the plaintiffs’ lawsuit without prejudice, and dismissing as well the defendants’ direct appeal from the district court’s judgment, which declared La. Acts 1999, No. 989 unconstitutional insofar as it purported to affect these plaintiffs and the putative class action they seek to represent.
Regarding the writ, I would simply deny the defendants’ application. Dismissal of this lawsuit has two potentially ominous consequences for these plaintiffs, a large group of employees at the Kaiser plant who lay claim to medical monitoring for exposure to asbestos. First, when the plaintiffs file their lawsuit anew, they will likely have to combat an exception of prescription. Second, their rights to the essential relief sought, medical monitoring, may be thwarted by the legislature’s passage in 1999 of Act No. 989. While this court has not yet resolved whether Act No. 989 may be applied retroactively to pend *108 ing claims filed prior to the effective date of the Act, an issue currently pending before this court in Bourgeois v. A.P. Green Industries, No.2000-CA-1528, the Act will perhaps be applicable to a new lawsuit filed by these plaintiffs.
While both of these adverse consequences have yet to be faced should the plaintiffs file anew, and I do not here venture an answer to the questions posed, I Igwould, in the interest of vindicating rights and not barring claims that are justly made, avoid a rigid application of La. Code Civ. Proc. art. 428. The articles of the Code of Civil Procedure are “to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.” La.Code Civ. Proc. art. 5051. In this case, Mr. Meral at the time of his death was not just advancing a personal claim for medical monitoring. The stated objective of his petition was not purely personal, because he sought class certification and, thereby, vindication of the claims of many other similarly situated persons. Therefore, to hold that the claims of all the putative class members died with Mr. Meral, the class representative, simply because the putative class had not yet been certified is manifestly unfair, given the district court’s findings that an agreement between the parties delayed class certification and that the judge’s own actions may have contributed to the delay. Furthermore, the original petition was amended to add additional class representatives before Mr. Meral’s claim was dismissed pursuant to the consent judgment of January 25, 2000. If the lawsuit is dismissed, an entire class of claims may become unenforceable. In light of such circumstances, Article 5051 requires a liberal construction of the procedural articles regarding the addition and substitution of parties.
For these reasons, I would deny the writ application. Furthermore, given my view on the writ application, the defendants’ direct appeal regarding the constitutionality of Acts 1999, No. 989 is in order and should be entertained by this court.